# EXHIBIT A



# Tarrant County District Clerk Online
### Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 3/23/17 5:36 PM |
|---|---|

| Cause Number: | 153-290519-17 | | Date Filed: 02-16-2017 |
|---|---|---|---|

JONAS RESENDIZ, ET AL        | VS |        ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY

Cause of Action:     CONTRACT, CONSUMER/DTPA

Case Status:     PENDING

| File Mark | Description | | | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 02-16-2017 | PLTFS' ORIG PET & REQ FOR DISCL | N I | | 284.00 | |
| 02-16-2017 | COURT COST (PAID) trans #1 | Y | | | 284.00 |
| 02-16-2017 | CIVIL CASE INFO SHEET | | | | 0.00 |
| 02-16-2017 | SERVICE REQ FORM | I | | | 0.00 |
| 02-16-2017 | JURY FEE | N | | 40.00 | |
| 02-16-2017 | COURT COST (PAID) trans #5 | Y | | | 40.00 |
| 02-16-2017 | CIT-ISSUED ON ALLSTATE VEHICLE AND PROPERTY INSURANCE-On 02/21/2017 | N | Svc | 8.00 | |
| 02-16-2017 | CIT-ISSUED ON WARREN BARFIELD-On 02/21/2017 | N | Svc | 8.00 | |
| 02-16-2017 | COURT COST (PAID) trans #8 | Y | | | 8.00 |
| 02-16-2017 | COURT COST (PAID) trans #7 | Y | | | 8.00 |
| 03-08-2017 | CIT RETURN/ALLSTATE VECHICLE & PROPERTY INS CO | I | | | 0.00 |
| 03-08-2017 | CIT RETURN/WARREN BARFEILD | I | | | 0.00 |
| 03-08-2017 | CIT Tr# 7 RET EXEC(ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY) On 03/03/2017 | I | | | 0.00 |
| 03-08-2017 | CIT Tr# 8 RET EXEC(WARREN BARFIELD) On 03/08/2017 | I | | | 0.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

FILED
TARRANT COUNTY
2/16/2017 4:00:44 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. **153-290519-17** _____

| | | |
|---|---|---|
| JONAS RESENDIZ AND JUANA RESENDIZ, | § § § | IN THE DISTRICT COURT |
| Plaintiffs, | § § | |
| vs. | § § | ____JUDICIAL DISTRICT |
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY AND WARREN BARFIELD, | § § § § | |
| Defendants. | § § | TARRANT COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiffs Jonas Resendiz and Juana Resendiz file this Original Petition and Request for Disclosure against Defendants Allstate Vehicle and Property Insurance Company and Warren Barfield and allege as follows:

### A. DISCOVERY-CONTROL PLAN

1.     Plaintiffs intend to conduct discovery under Level 3 of Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit. Plaintiffs affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Plaintiffs seek monetary relief over $100,000.

### B. RELIEF

2.     Plaintiffs seek monetary relief over $100,000, but not more than $200,000. Tex. R. Civ. P. 47(c).

1

## C. PARTIES

3.      Plaintiffs, Jonas Resendiz and Juana Resendiz, are individuals who reside in Tarrant County, Texas.

4.      Defendant, Allstate, is a foreign insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas. It can be served with citation by serving its attorney for service, CT Corporation System, by certified mail, return receipt requested, at 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

5.      Defendant Warren Barfield is a Texas resident, who may be served with citation by certified mail, return receipt requested at his residence located at 844 N. Riverside Dr., Grapevine, Texas 76051.

## D. JURISDICTION

6.      The Court has subject matter jurisdiction over the lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

## E. VENUE

7.      Venue is mandatory and proper in this district because all or a substantial part of the events or omissions giving rise to the claim occurred in Tarrant County and the insured property that is the basis of this lawsuit is also located in that county.

## F. CONDITIONS PRECEDENT

8.      All conditions precedent to recovery have been performed, waived, or have occurred.

## G. FACTUAL BACKGROUND

9.      Plaintiffs timely paid their insurance premiums and are the holders of insurance policy number 000929272585 issued by Allstate.

2

10.     Plaintiffs owned the insured property, which is located at 1307 Harvest Hill Ln., Arlington, Texas 76014, on October 2, 2014.

11.     Defendant Allstate or its agent sold the policy insuring the property to Plaintiffs.

12.     On or about October 2, 2014, a severe wind and hailstorm struck the Arlington, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiffs' home.

13.     In the aftermath of the storm, Plaintiffs submitted a claim to Defendant Allstate, under the policy for roof damage and water damage the home sustained as a result of the hail and wind. Plaintiffs asked that Defendant Allstate cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

14.     Allstate assigned claim number 0357935287 to Plaintiffs' claim and hired and/or assigned Defendant Warren Barfield to adjust the claim. Barfield was the agent for Allstate and represented Allstate in regard to Plaintiffs' claim. Barfield also adjusted Plaintiffs' claim by investigating, processing, evaluating, approving and/or denying, in whole or in part, Plaintiffs' claim. As such, Barfield acted as an insurance adjuster engaged in the business of insurance with respect to Plaintiffs' insurance claim. Therefore, Barfield, is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA.

15.     On February 21, 2015, Barfield briefly inspected the damage to Plaintiffs' home and created a scope of damages and estimate to repair only two shingles on the roof and erroneously concluded there was no other damage to the home caused by the wind and hail storm.[1] Barfield improperly adjusted Plaintiffs' claim. Barfield conducted a substandard

---

[1] Barfield's Adjustment Report is attached as Exhibit A.

inspection, which is evidenced in his report, which failed to include many of Plaintiffs' damages.[2] Barfield's estimate did not allow adequate funds to cover repairs to restore Plaintiffs' home. Without limitation, Barfield misrepresented the cause of, scope of and cost to repair the damage to Plaintiffs' property, as well as the amount of and insurance coverage for Plaintiffs' claim under Plaintiffs' policy. Barfield made these and other representations to Plaintiffs as well as to Allstate. Plaintiffs and Allstate both relied on Barfield's misrepresentations, including but not limited to those regarding the cause of, scope of and cost to repair the damage to Plaintiffs' property, and Plaintiffs have been damaged as a result of that reliance. Barfield's misrepresentations caused Allstate to underpay Plaintiffs on their insurance claim and, as a result, Plaintiffs have not been able to properly and completely repair the damage to their property. This has caused additional, further damage to the property. Barfield also advised Plaintiffs as to how they could repair their property so as to prevent further damage to the property. This advice was negligent and false because Plaintiffs could not properly repair their property by following Barfield's advice. Plaintiffs' property has sustained further damages as a result.

16.    Defendant Barfield misrepresented that the damages caused by the wind and hailstorm were only $309.81—an amount below Plaintiffs' policy deductible. However, Defendant Barfield's misrepresentations were false because Plaintiffs' damages exceeded $15,396.10—almost 50 times the amount arrived at by Barfield. In his estimate, Barfield failed to include widespread damage to Plaintiffs' roof, damage to their shed roof, and water damage in a bathroom caused by roof leaks within his scope of the damages to Plaintiffs' home, and therefore, his estimate of the cost of repairs fell far short of covering the amount Plaintiffs would

---

[2] *Id.*

4

need to expend to restore their home to the condition it was in prior to the storm.

17.     Allstate and Barfield failed to properly adjust the claim and Defendants have underpaid Plaintiffs' claim without an adequate investigation, even though the policy provided coverage for the type of losses suffered by Plaintiffs.

18.     These false representations allowed Defendants to gain financially by wrongfully denying most of Plaintiffs' claim.

19.     Plaintiffs' claim remains unpaid and Plaintiffs have not been able to properly repair their home.

20.     Defendants failed to perform their contractual duty to adequately compensate Plaintiffs under the terms of the policy.  Specifically, Defendants failed and refused to pay the full proceeds of the policy although a demand was made for proceeds to be paid in an amount sufficient to repair the damaged property and all conditions precedent to recovery upon the policy had been carried out by Plaintiffs.  Allstate's conduct constitutes a breach of the insurance contract between it and Plaintiffs.

21.     Defendants misrepresented to Plaintiffs that some of the damage to the home was not covered under the policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code Section 541.060(a)(1).

22.     Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of their obligations to Plaintiffs under the policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  Tex. Ins. Code Section 541.060 (a)(2)(A).

23.     Defendants failed to explain to Plaintiffs why they offered inadequate settlement.

5

Specifically, Defendants failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements would be forthcoming to pay for the entire loss covered under the policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Tex. Ins. Code Section 541.060(a)(3).

24.     Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time.   Specifically, Plaintiffs did not receive timely indication of acceptance or rejection regarding the entire claim in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code 541.060(a)(4).

25.     Defendants refused to fully compensate Plaintiffs under the terms of the policy even though Defendants failed to conduct reasonable investigations.   Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in biased, unfair and inequitable evaluation of Plaintiffs' losses to the home.  Defendants' conduct constitutes a violation of the Texas Insurance Code.  Tex. Ins. Code 541.060(a)(7).

26.     Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

27.     Defendants failed to accept or deny Plaintiffs' entire claim within the statutorily mandated deadline of receiving all necessary information.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section

542.056.

28.     Allstate failed to meet its obligation under the Texas Insurance Code regarding payment of a claim without delay.  Specifically, Allstate has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim.  Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

29.     From and after the time Plaintiffs' claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the policy was reasonably clear.  However, Defendants have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Allstate's conduct constitutes a breach of the common-law duty of good faith and fair dealing.

30.     As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who are representing Plaintiffs in this case.

## H. CAUSES OF ACTION

### BREACH OF CONTRACT AGAINST ALLSTATE

31.     Plaintiffs incorporate paragraphs 1-30 as if fully set forth herein.

32.     According to the insurance policy that Plaintiffs purchased, Allstate has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages resulting from the wind and hailstorm.  As a result of the wind and hailstorm and/or ensuing losses from the storm, both of which are covered perils under the policy, Plaintiffs' property has been damaged.

7

33.     Allstate's failure and refusal to pay adequate compensation as it is obligated to do under the terms of the policy and under the laws of the State of Texas, constitutes a breach of Allstate's contract with Plaintiffs.  As a result of this breach of contract, Plaintiffs have suffered damages as are described in this petition.

## VIOLATION OF THE PROMPT PAYMENT OF CLAIMS ACT
## AGAINST ALLSTATE

34.     Plaintiffs incorporate paragraphs 1-33 as if fully set forth herein.

35.     Defendant Allstate's acts, omissions, failures and conduct violate Section 542 of the Texas Insurance Code.  Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendant did not request from Plaintiffs any items, statements or forms that it reasonably believed at that time would be required from Plaintiffs for their claim.  As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe.  Defendant also violated Section 542 by failing to pay Plaintiffs' claim.

36.     Defendant also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period.  In addition, in the event it is determined Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.

## VIOLATIONS OF THE DTPA AGAINST
## ALLSTATE AND BARFIELD

37.     Plaintiffs incorporate paragraphs 1-36 as if fully set forth herein.

38.     Plaintiffs are a consumer of goods and services provided by Defendants pursuant to the DTPA.  Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants.

39.     Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:   By their acts, omissions, failures, and conduct, Defendants have violated Sections 17.46(b)(5), (7), (9), (12), (20) and (24) of the DTPA.  Defendants' violations include, without limitation, (1) their unreasonable delay in the investigation, adjustment and resolution of Plaintiffs' claim, (2) their failure to give Plaintiffs the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiffs' property for which liability had become reasonably clear, which gives Plaintiffs the right to recover under Section 17.46(b)(2).

40.     Plaintiffs are entitled to recover under Section 17.46(b)(5) of the DTPA because Defendants represented to Plaintiffs that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have.

41.     Plaintiffs are entitled to recover under Section 17.46(b)(7) of the DTPA because Defendants represented that the insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another.

42.     Plaintiffs are entitled to recover under Section 17.46(b)(9) of the DTPA because Defendants advertised their insurance policy and adjusting and investigative services with the intent not to sell them as advertised.

43.     Plaintiffs are entitled to recover under Section 17.46(b)(12) of the DTPA because Defendants represented to Plaintiffs that the insurance policy and their adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have.

44.     Plaintiffs are entitled to recover under Section 17.46(b)(24) of the DTPA because Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce

Plaintiffs into a transaction which Plaintiffs would not have entered had the information been disclosed.

45.     Plaintiffs are entitled to recover under Section 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA because Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policy.

46.     Plaintiffs are entitled to recover under Section 17.50(a)(3) of the DTPA because Defendants' actions are unconscionable in that they took advantage of Plaintiffs' lack of knowledge, ability and experience to a grossly unfair degree.

47.     Plaintiffs are entitled to recover under Section 17.50(a)(4) of the DTPA because Defendants' conduct, acts, omissions, and failures are unfair practices in the business of insurance.

48.     All of the above-described acts, omissions and failures of Defendants are a producing cause of Plaintiffs' damages as described in the petition.  All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

## VIOLATIONS OF SECTION 541 OF THE TEXAS INSURANCE CODE AGAINST ALLSTATE AND BARFIELD

49.     Plaintiffs incorporate paragraphs 1-48 as if fully set forth herein.

50.     Plaintiffs have satisfied all conditions precedent to bring this cause of action.

51.     By their acts, omissions, failures and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of section 541 of the Texas Insurance Code. Such violations include, without limitation all the conduct described in this petition, plus Defendants' unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim and Defendants' failure to pay for the proper repair of Plaintiffs'

property for which liability had become reasonably clear.  They further include Defendants' failure to give Plaintiffs the benefit of the doubt.  Specifically, as described in Plaintiffs' factual allegations, Defendants are guilty of the following unfair insurance practices:

a.   Engaging in false, misleading and deceptive acts or practices in the business of insurance;

b.   Engaging in unfair claims settlement practices;

c.   Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverages at issue;

d.   Not attempting in good faith to effectuate a prompt, fair and equitable settlement of claims submitted for which liability became reasonably clear;

e.   Failing to affirm or deny coverage of Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

f.   Failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of Plaintiffs' claim or the offer of settlement.

52.   Allstate also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.

53.   Plaintiffs' damages resulted from Defendants' conduct.

54.   Defendants' acts, omissions, and failures were done knowingly as that term is described in the Texas Insurance Code.

11

**BREACH OF THE DUTY OF GOOD FAITH**
**AND FAIR DEALING AGAINST ALLSTATE**

55.     Plaintiffs incorporate paragraphs 1-54 as if fully set forth herein.

56.     By its acts, omissions, failure and conduct, Allstate has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for the denial.

57.     Allstate also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Allstate knew or should have known that it was reasonably clear the claim was covered. These acts, omissions, failures and conduct of Defendants are a proximate cause of Plaintiff's damages.

**CONSPIRACY AGAINST ALLSTATE AND BARFIELD**

58.     Plaintiffs incorporate paragraphs 1-57 as if fully set forth herein.

59.     Defendants were members of a combination of two or more persons, the object of which was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means, including but not limited to, violating the DTPA, violating Sections 541 and 542 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breach of contract, and committing breaches of the duty of good faith and fair dealing. The Defendants had a meeting of the minds on the objects or courses of action.  Further, one or more of the Defendants committed unlawful, overt acts, including, but not limited to violating the DTPA, violating sections 541 and 542 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breach of contract, and committing breaches of the duty of good faith and fair dealing to further the objects or courses of action which, among other

12

things, were intended to deprive Plaintiffs of the benefit and coverage of the policy that they purchased. Plaintiffs suffered injury as a proximate result of these wrongful acts or omissions.

60.    The conspiratorial acts committed by Defendants were committed with gross negligence, fraud, or malice, as those terms are defined in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendants.

## NEGLIGENCE AND GROSS NEGLIGENCE AGAINST BARFIELD

61.    Plaintiffs incorporate paragraphs 1-60 as if fully set forth herein.

62.    Barfield was negligent in giving advice to Plaintiff as to how they could repair their property so as to prevent further damage to the property. This advice as to how to repair Plaintiffs' property was negligent because Plaintiffs could not properly repair the property and prevent further damage by following Barfield's advice. Plaintiffs' property has sustained further damage as a result. Barfield owed a duty to use reasonable care when he undertook to advise Plaintiffs as to how they could repair the property so as to prevent further damage to the property. Barfield breached this legal duty. The breach proximately caused Plaintiffs' damages.

63.    The acts and failures to act were committed with gross negligence, as the term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code, which justifies the imposition of exemplary damages against Carter.

## NEGLIGENT MISREPRESENTATION AGAINST BARFIELD

64.    Plaintiffs incorporates paragraphs 1-63 as if fully set forth herein.

65.    Barfield made representations to Plaintiffs in the course of Plaintiffs' business or in a transaction in which they had an interest. Barfield supplied false information for the guidance of others, including Plaintiffs. Barfield did not exercise reasonable care or

13

competence in obtaining or communicating the information to Plaintiffs. Plaintiffs justifiably relied on Barfield's representations and Barfield's representations proximately caused further damages to Plaintiffs' property.

66. The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, so as to justify the imposition of punitive damages against Barfield.

## I. WAIVER AND ESTOPPEL

67. Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## J. DAMAGES

68. The above-described acts, omissions, failures and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' property and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendant Allstate's breaches of contract. Plaintiffs are also entitled to recover the amount of each of Plaintiffs' individual claims plus an 18% per annum penalty on the claim against Defendant Allstate as damages under Section 542 of the Texas Insurance Code, plus pre-judgment interest and attorney's fees.

## K. ADDITIONAL DAMAGES

69. Defendants also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiffs are entitled to

14

additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs are further entitled to additional damages authorized by Section 541 of the Texas Insurance Code.

### L. EXEMPLARY DAMAGES

70.     Allstate's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. Further, Barfield's conduct constituted gross negligence. These violations by Defendants are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

### M. ATTORNEY'S FEES

71.     As a result of Defendants' conduct, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorney's fees. Plaintiffs are entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

### N. JURY DEMAND

72.     Plaintiffs assert their right to a trial by jury, under Texas Constitution Article I, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $40.00 as required by Texas Government Code Section 51.604.

## O.    REQUEST FOR DISCLOSURE

73.    Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

### P. PRAYER

Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, that Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, exemplary damages as may be found.   In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

Respectfully Submitted,

**THE LAW OFFICE OF JESSICA TAYLOR**
14100 San Pedro, Suite 602
San Antonio, Texas 78232
(210) 402-4022 (Telephone)
(210) 402-1225 (Fax)


By:   _/s/  Manuel Acuna-Neely_
JESSICA TAYLOR
Texas State Bar No. 24013546
jessica@jtaylorlaw.com
MANUEL ACUÑA-NEELY
Texas State Bar No. 24091489
manuel@jtaylorlaw.com


**ATTORNEYS FOR PLAINTIFFS**

16



**Allstate.**
You're in good hands.

### National Catastrophe Team

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

| | | | |
|---|---|---|---|
| Insured: | JONAS RESENDIZ | Cell: | (817) 404-2423 |
| Property: | 1307 HARVEST HILL LN | | |
| | ARLINGTON, TX 76014-1417 | | |
| Home: | 1307 HARVEST HILL LN | | |
| | ARLINGTON, TX 76014-1417 | | |

| | | | |
|---|---|---|---|
| Claim Rep.: | Warren Barfield | Business: | (847) 420-6574 |
| Business: | PO Box 672041 | Fax: | (877) 209-5311 |
| | Dallas, TX 75267-2041 | E-mail: | wbarf@allstate.com |

| | | | |
|---|---|---|---|
| Estimator: | Warren Barfield | Business: | (847) 420-6574 |
| Business: | PO Box 672041 | E-mail: | wbarf@allstate.com |
| | Dallas, TX 75267-2041 | | |

**Claim Number:** 0357935287        **Policy Number:** 000929272585        Type of Loss: Windstorm

| | | | |
|---|---|---|---|
| Date Contacted: | 2/20/2015 | | |
| Date of Loss: | 10/2/2014 9:00 PM | Date Received: | 2/14/2015 1:59 AM |
| Date Inspected: | 2/21/2015 | Date Entered: | 2/20/2015 1:03 AM |
| Date Est. Completed: | 2/21/2015 4:58 PM | | |

| | |
|---|---|
| Price List: | TXDF8X_FEB15 |
| | Restoration/Service/Remodel |
| Estimate: | JONAS_RESENDIZ |

Allstate is dedicated to providing you with outstanding service throughout the claim-handling process. If you have any questions
regarding this estimate, or if there are differences with the estimate provided by your repairperson of choice, or if additional
damage is found during the repair process, please contact us at (847) 420-6574.
Thank you,
Warren Barfield

JONAS_RESENDIZ                                                2/21/2015        Page: 1



**National Catastrophe Team**

**Allstate.**
You're in good hands.

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

JONAS_RESENDIZ

### Roof

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 1. 3 tab - 20 yr. - composition shingle roofing (per SHINGLE) | 2.00 EA | 9.11 | 18.22 | 0/20 yrs | Average | 0% | (0.00) | 18.22 |
| Replace two wind damaged shingles on south slope. | | | | | | | | |
| Totals: Roof | | | 18.22 | | | | 0.00 | 18.22 |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT | RCV | AGE/LIFE | COND. | DEP % | DEPREC. | ACV |
|---|---|---|---|---|---|---|---|---|
| 2. Roofing labor minimum* | 1.00 EA | 291.38 | 291.38 | 0/NA | Average | 0% | (0.00) | 291.38 |
| Totals: Labor Minimums Applied | | | 291.38 | | | | 0.00 | 291.38 |
| Line Item Totals: JONAS_RESENDIZ | | | 309.60 | | | | 0.00 | 309.60 |

[%] - Indicates that depreciation by percent was used for this item
[M] - Indicates that the depreciation percentage was limited by the maximum allowable depreciation for this item

JONAS_RESENDIZ                                    2/21/2015          Page: 2



**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (888) 859-3946

**Allstate.**
You'd in good hands.

### Summary for
### AA-Dwelling
Summary for All Items

| | |
|---|---:|
| Line Item Total | 309.60 |
| Material Sales Tax | 0.21 |
| **Replacement Cost Value** | **$309.81** |
| Less Non-recoverable Depreciation | <0.00> |
| **Actual Cash Value** | **$309.81** |
| Less Deductible          [Full Deductible = 1,125.98] | (309.81) |
| **Net Claim** | **$0.00** |

Warren Barfield

JONAS_RESENDIZ                          2/21/2015        Page: 3

19



**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

### Recap of Taxes

| | Material Sales Tax (8%) | Cleaning Mtl Tax (8%) | Cleaning Sales Tax (8%) | Manuf. Home Tax (5%) | Storage Rental Tax (8%) |
|---|---|---|---|---|---|
| Line Items | 0.21 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total | 0.21 | 0.00 | 0.00 | 0.00 | 0.00 |

JONAS_RESENDIZ                    2/21/2015          Page: 4

 **Allstate.** You're in good hands.

**National Catastrophe Team**

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax:  (888) 859-3946

## Recap by Room

Estimate: JONAS_RESENDIZ

| | | |
|---|---|---|
| Roof | 18.22 | 5.89% |
| Labor Minimums Applied | 291.38 | 94.11% |
| | | |
| Subtotal of Areas | 309.60 | 100.00% |
| | | |
| Total | 309.60 | 100.00% |

JONAS_RESENDIZ                                          2/21/2015          Page: 5



**Allstate**
*You're in good hands.*

National Catastrophe Team

P.O. Box 672041
Dallas, Texas 75267
Phone: (800) 547-8676
Fax: (888) 859-3946

## Recap by Category

| Items | Total | % |
|---|---|---|
| ROOFING | 309.60 | 99.93% |
| Subtotal | 309.60 | 99.93% |
| Material Sales Tax | 0.21 | 0.07% |
| Total | 309.81 | 100.00% |

Depending upon the circumstances of your loss, our estimate may or may not include an amount for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether the services of a general contractor are appropriate for your loss, please contact your claim representative before proceeding with repairs.

Specialized skill, licensing or certification may be needed of any contractor(s) that you retain, for instance, to identify the presence and nature of any potential contaminants, toxins, pollutants, or other hazards that may be encountered during the course of the work, or to utilize appropriate work practices and procedures during the course of the work. Check with your local or State public health or environmental agency regarding potential hazards, including contractor qualifications and other requirements. For your safety, it is prudent to avoid areas where damaged structures, materials or unknown substances may be present, and to not disturb such structures, material, or unknown substances until your contractors have inspected the work site.
The suggestions above are provided only for your consideration. They in no way supplement, alter or modify your existing coverage.  Your insurance policy is the legal contract that contains the terms and limitations of your coverage.
If you have any concerns about the grade of flooring on your estimate, you may take advantage of a free service that will provide you with a more specific analysis. To use this option, please keep a 12" x 12" sample of your damaged flooring, and notify your Allstate adjuster that you would like the additional analysis.

JONAS_RESENDIZ                                          2/21/2015          Page: 6

153-290519-17

THE STATE OF TEXAS                                    **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

---

*CITATION*                          *Cause No. 153-290519-17*

JONAS RESENDIZ, ET AL                          FILED
VS.                               TARRANT COUNTY
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY      3/8/2017 5:24:55 PM
                                          THOMAS A. WILDER
                                          DISTRICT CLERK

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

B/S REG AGENT-CT CORPORATION SYSTEM 1999 BRYAN ST STE 900 DALLAS, TX 75201-3


You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 153rd District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFFS being

JONAS RESENDIZ, JUANA RESENDIZ

Filed in said Court on February 16th, 2017 Against
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, WARREN BARFIELD

For suit, said suit being numbered 153-290519-17 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  a copy of which accompanies this citation.


MANUEL ACUNA-NEELY
Attorney for JONAS RESENDIZ Phone No. (210)402-4022
Address     14100 SAN PEDRO STE 602 SAN ANTONIO, TX 78232

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and seal
of said Court, at office in the City of Fort Worth, this the 21st day of February, 2017.

By *Anthony Ferrara*
ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

**OFFICER'S RETURN *15329051917000007***

Received this Citation on the 27th day of February , at _____ at _____ o'clock ___M, and executed at
1999 Bryan St, Ste 900 within the county of Dallas , State of Texas at _____ o'clock ___M
on the 3rd day of March 2017 by delivering to the within named (Def.): Via CMRRR
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: Isabel Hinojosa
County of Bexar  , State of TX  By Isabel Hinojosa Deputy

Fees $ _____
State of Texas , County of Bexar        (Must be verified if served outside the State of Texas)
Signed and sworn to by the said Isabel Hinojosa  before me this 8th day of March 2017
to certify which witness my hand and seal of office  Hortencia S Vasquez
(Seal)                     County of Bexar , State of Texas

HORTENCIA G VASQUEZ
MY COMMISSION EXPIRES
November 9, 2018

## CITATION

Cause No. 153-290519-17

JONAS RESENDIZ, ET AL

VS.

ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY

ISSUED

This 21st day of February, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By      ANTHONY FERRARA Deputy

MANUEL ACUNA-NEELY
Attorney for: JONAS RESENDIZ
Phone No. (210)402-4022
ADDRESS: 14100 SAN PEDRO STE 602
SAN ANTONIO, TX 78232

*CIVIL LAW*

*153290519170000 07*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Allstate
c/o CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

9590 9402 1991 6123 9880 70

2. Article Number (Transfer from service label)

7016 0910 0000 3888 4557

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
☐ Addressee

B. Received by (Printed Name)   Chris Wells
C. Date of Delivery   MAR 13 2017

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$ 3.45

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $ 2.80
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required   $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$ 1.09

Total Postage and Fees
$ 7.34

Sent To   Allstate c/o Ct Corp. System

Street and Apt. No., or PO Box No.   1999 Bryan St., Ste. 900

City, State, ZIP+4®   Dallas, TX 75201-3136

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7016 0910 0000 3888 4557

153-290519-17

THE STATE OF TEXAS                                          **ORIGINAL**
DISTRICT COURT, TARRANT COUNTY

_____

*CITATION*                                    *Cause No. 153-290519-17*

JONAS RESENDIZ, ET AL                          FILED
VS.                                            TARRANT COUNTY
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY    3/8/2017 5:24:55 PM
                                               THOMAS A. WILDER
                                               DISTRICT CLERK

TO: WARREN BARFIELD

          044 N RIVERSIDE DR GRAPEVINE, TX 76051-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 153rd District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFFS being

JONAS RESENDIZ, JUANA RESENDIZ

Filed in said Court on February 16th, 2017 Against
ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, WARREN BARFIELD

For suit, said suit being numbered 153-290519-17 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  a copy of which accompanies this citation.

MANUEL ACUNA-NEELY
Attorney for JONAS RESENDIZ Phone No. (210)402-4022
Address     14100 SAN PEDRO STE 602 SAN ANTONIO, TX 78232

_____Thomas A. Wilder_____, Clerk of the District Court of Tarrant County, Texas, Given under my hand and seal
of said Court, at office in the City of Fort Worth, this the 21st day of February, 2017.

By *Anthony Ferrara*
                    ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

_____

OFFICER'S RETURN *15329051917000008*
Received this citation on the 27th day of March 2017 at _____ o'clock __M; and executed at
844 N. Riverside Dr. within the county of Tarrant, State of TX at _____ o'clock __M
on the 8th day of March 2017 by delivering to the within named DEF via CMRRR
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION AND
REQUEST FOR DISCLOSURE, having first endorsed on same the date of delivery.

          Authorized Person/Constable/Sheriff: Isabel Hinojosa
          county of Bexar               State of TX   By Isabel Hinojosa          Deputy
Fees $_____
State of _____  County of _____                 (Must be verified if served outside the State of Texas)
Signed and sworn to by the said Isabel Hinojosa   before me this 8th day of March 2017
to certify which witness my hand and seal of office
                                        Hortencia G Vasquez
                              County of Bexar, State of Texas

HORTENCIA G VASQUEZ
MY COMMISSION EXPIRES
November 9, 2018

## *CITATION*

Cause No. 153-290519-17

JONAS RESENDIZ, ET AL

VS.

ALLSTATE VEHICLE AND
PROPERTY INSURANCE COMPANY

ISSUED

This 21st day of February, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By        ANTHONY FERRARA Deputy

MANUEL ACUNA-NEELY
Attorney for: JONAS RESENDIZ
Phone No. (210)402-4022
ADDRESS: 14100 SAN PEDRO STE 602

SAN ANTONIO, TX 78232

*CIVIL LAW*

*1532905191700008*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☐ Agent ☐ Addressee <br> B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to: <br><br> *Warren Banfield* <br> *844 W. Riverside Dr.* <br> *Grapevine, TX 76051* | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> *returned unsigned* |

9590 9402 1747 6074 5299 65

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☐ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☑ Return Receipt for Merchandise |
| ☐ Collect on Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery Restricted Delivery | ☐ Signature Confirmation Restricted Delivery |

2. Article Number (Transfer from service label)

7016 0910 0000 3888 4540    cted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**

Article number: 7016 0910 0000 3888 4540

Certified Mail Fee
$ 3.45

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)       $
☐ Return Receipt (electronic)     $ ____2.80
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required        $
☐ Adult Signature Restricted Delivery $

Postage
$ 1.09

Total Postage and Fees
$ 7.34

Sent To *Warren Banfield*

Street and Apt. No., or PO Box No. *844 N. Riverside Dr.*

City, State, ZIP+4 *Grapevine, TX 76051*